Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
VERONICA FERNANDEZ LUNA,

                *Plaintiff*,

  -against-

DOLLAR VARIETY LLC, YONKERS DISCOUNT INC, DOLLAR WONDER, INC., MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN, SAJID IQBAL and SAINEY CEESAY a/k/a Zeni.

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
Case No.: 22-cv-4636

    VERONICA FERNANDEZ LUNA ("Plaintiff") by and through her attorney, Colin Mulholland, Esq., and as against MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN, SAJID IQBAL, SAINEY CEESAY a/k/a Zeni, DOLLAR VARIETY, LLC, DOLLAR WONDER, INC., and YONKERS DISCOUNT INC. ("Defendants"), allege as follows:

## NATURE OF THE ACTION

1.    Plaintiff is a former employee of Defendants between two different dollar store locations in Westchester County. DOLLAR VARIETY, LLC., DOLLAR WONDER INC. and YONKERS DISCOUNT INC are owned and operated by the Defendants MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN and SAJID IQBAL.

1

2. Plaintiff was employed by Defendants as a clerk at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT INC..

3. YONKERS DISCOUNT INC is a new corporation formed by the Defendants to operate at the DOLLAR VARIETY LLC location on 8 Palisade Ave Yonkers, NY 10701 sometime during the latter months of Plaintiff's employ.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours she worked each week.

5. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

8. Plaintiff VERONICA FERNANDEZ LUNA ("Plaintiff FERNANDEZ LUNA") is an adult individual residing in Yonkers, Westchester County, New York. Plaintiff FERNANDEZ LUNA was employed by Defendants at two different locations – DOLLAR WONDER INC and DOLLAR VARIETY, LLC and YONKERS DISCOUNT INC. from October 2018 until approximately January 2022.

9. DOLLAR VARIETY, LLC is a domestic limited liability company organized and existing under the laws of the state of New York. It maintains its principal place of business at 8 Palisade Ave Yonkers, NY 10701.

10. DOLLAR WONDER, INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 473 S Broadway Yonkers, NY 10705.

11. YONKERS DISCOUNT INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 8 Palisade Ave Yonkers, NY 10701.

12. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

13. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

14. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

15. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN is the manager member of DOLLAR VARIETY, LLC.

16. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN is the CEO and president of DOLLAR WONDER, INC and Dollar VARIETY, LLC.

17. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN is the CEO and President of YONKERS DISCOUNT, INC.

18. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN had the power to hire and fire employees at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT, INC. including Plaintiff.

19. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN had the final word on all business decisions at at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT, INC. including which contracts to enter on behalf of the business.

20. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN reviewed and controlled the financial records at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT, INC. including payroll records and documents recording Plaintiff's wages and hours worked.

21. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN authorized Plaintiff's pay rate.

22. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN supervised and hired the staff at each at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT, INC. on a regular basis.

23. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT, INC. and in fact did so.

24. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN actively hired and fired employees.

25. Defendant MUHAMMAD IRFAN A/K/A IRFAN MUHAMMAD OR MOHAMMED IRFAN determined the rates of pay of employees and dictated other terms of their employment at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT, INC.

26. Defendant SAJID IQBAL is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SAJID IQBAL is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27. Defendant SAJID IQBAL possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

28. Defendant SAJID IQBAL had the power to hire and fire employees at DOLLAR VARIETY, LLC and YONKERS DISCOUNT, INC., including Plaintiff.

29. Defendant SAJID IQBAL was the general manager at DOLLAR VARIETY, LLC, and YONKERS DISCOUNT, INC.

30. Defendant SAJID IQBAL had the power to hire and fire employees, supervised the hiring and firing of employees and dictated other terms of their employment at DOLLAR VARIETY, LLC, and YONKERS DISCOUNT, INC.

31. Defendant SAJID IQBAL authorized the issuance of all payment to employees.

32. Defendant SAJID IQBAL supervised Plaintiff on a daily basis at work.

33. Defendant SAJID IQBAL gave Plaintiff her schedule at DOLLAR VARIETY, LLC, and YONKERS DISCOUNT, INC.

34. Defendant SAJID IQBAL received and monitored Plaintiff's time cards at DOLLAR VARIETY, LLC, and YONKERS DISCOUNT, INC.

35. Defendant SAJID IQBAL had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of DOLLAR VARIETY, LLC, and YONKERS DISCOUNT, INC. and in fact did so.

36. Defendant SAJID IQBAL actively hired and fired of employees.

37. Defendant SAJID IQBAL established and monitored Plaintiff's work schedule.

38. Defendant SAJID IQBAL determined the rates of pay of employees and dictated other terms of their employment at DOLLAR VARIETY, LLC and YONKERS DISCOUNT

39. Defendant IRFAN daily conveyed instructions to Defendant IQBAL regarding the operations of DOLLAR VARIETY, LLC, and YONKERS DISCOUNT, INC.

40. Defendant IRFAN daily received updates from Defendant IQBAL regarding the operations of DOLLAR VARIETY, LLC, and YONKERS DISCOUNT, INC. including the amount of employees, their hours and their pay.

41. Defendant SAINEY CEESAY a/k/a Zeni was a manager at the 8 Palisades Ave location.

42. Defendant SAINEY CEESAY a/k/a Zeni had the power to change schedules for employees including Plaintiff.

43. Defendant SAINEY CEESAY a/k/a Zeni issued payments to Plaintiff and other employees on a regular basis.

44. Defendant SAINEY CEESAY a/k/a Zeni supervised Plaintiff on a daily basis and supervised other employees on a daily basis at 8 Palisades Ave.

45. Defendant IQBAL often directed Plaintiff to Defendant CEESAY for matters of payment.

## FACTUAL ALLEGATIONS

46. Defendants are associated and joint employers, act in the interest of each other.

47. Defendants share common operations and acted jointly in the operation of each dollar store wherein Plaintiff worked.

48. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

49. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

50. In the alternative, Defendants constitute a single employer of Plaintiff.

51. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

52. In each year from 2018 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

53. Defendants were each experienced business owners and had full knowledge of the pay and notice requirements under federal and state law.

54. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

55. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items were sold daily at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT, INC, such as cleaning items, linens, toiletries, snacks, kitchen tools and all other merchandise as well as cleaning supplies and packing supplies used by staff.

56. Defendants employed more than 11 employees at all relevant times.

*Plaintiff* FERNANDEZ LUNA

57. Plaintiff FERNANDEZ LUNA was employed by Defendants at DOLLAR VARIETY, LLC, DOLLAR WONDER INC and YONKERS DISCOUNT, INC from October 2018 until January 2022.

58. During her time working with this employer, Plaintiff FENANDEZ LUNA was working at two (2) different locations.

59. Between October 2018 to January 2019, Plaintiff FERNANDEZ LUNA worked in the store located in 473 S Broadway, Yonkers New York 10705.

60. Between September 2019 and January 10, 2022, Plaintiff FERNANDEZ LUNA worked at the store located at 8 Palisades Avenue, Yonkers New York 10701.

61. Throughout her employment with defendants, Plaintiff FERNANDEZ LUNA was employed as a clerk and laborer.

62. Plaintiff FERNANDEZ LUNA work duties required neither discretion nor independent judgment.

63. Plaintiff FERNANDEZ LUNA was closely supervised and directed by Defendants in the scope of her tasks.

64. From approximately October 2018 through January 2019, Plaintiff FERNANDEZ LUNA typically worked five (5) days per week from 3:00 P.M. to 8:00 P.M., approximately twenty-five (25) hours per week.

65. From approximately September 2019 to January 10, 2022, Plaintiff FERNANDEZ LUNA worked six (6) days a week from 12:00 P.M. to 8:00 P.M. on Monday to Friday and from 10:00 AM to 3:00 PM on Saturday.

66. During this period Plaintiff FERNANDEZ LUNA regularly worked in excess of 40 hours per week.

67. The Defendants paid the Plaintiff $11.00 hourly during her time of employment including hours worked over 40 in a week.

68. Defendants never provided Plaintiff FERNANDEZ LUNA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

69. Defendants never provided Plaintiff FERNANDEZ LUNA, a proper notice in English and in Spanish (Plaintiff FERNANDEZ LUNA primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

70. Plaintiff had complained about her pay including that it did not meet the minimum wage or overtime requirements provided by law.

71. Shortly after complaining, Defendants discharged Plaintiff.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiff FERNANDEZ LUNA's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff FERNANDEZ LUNA, controlled the terms and conditions of her employment and had the power to determine the rate and method of any compensation in exchange for her employment.

74. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77. Defendants' failure to pay Plaintiff FERNANDEZ LUNA at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff FERNANDEZ LUNA was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

83. Plaintiff FERNANDEZ LUNA repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff FERNANDEZ LUNA's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

85. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff FERNANDEZ LUNA less than the minimum wage.

86. Defendants' failure to pay Plaintiff FERNANDEZ LUNA the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff FERNANDEZ LUNA was damaged in an amount to be determined at trial

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

88. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

90. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

92. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

94. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

95. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

96. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

97. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF FLSA 29 U.S.C. SECTION 215(3) - RETALIATION

98. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

99. Plaintiff engaged in a protected activity as defined by the FLSA when she complained to Defendants about the manner in which the Defendants paid her.

100. In response to the protected activity, Defendants discharged Plaintiff because she was asking too many questions about the Defendants pay practices.

101. Defendants discharge of the Plaintiff constituted retaliation in violation of the Fair Labors Standard Act.

102. Such discharge was willful, malicious and otherwise in bad faith.

103. Plaintiff was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF NYLL SECTION 215(1)(A) - RETALIATION

104. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

105. Plaintiff engaged in a protected activity as defined by the NYLL when she complained to Defendants about the Defendants pay practices.

106. In response to the protected activity, Defendants discharged Plaintiff because she asked too many questions about the Defendants pay practices.

107. Plaintiff served a notice of this action to the Attorney General at or before the commencement of this action.

108. Defendants discharge of the Plaintiff constituted retaliation in violation of NYLL Section 215(1)(a).

109. Such discharge was willful, malicious and otherwise in bad faith.

110. Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as

to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

 (m) Awarding Plaintiff compensatory damages, front pay, back pay, punitive damages, liquidated damages along with costs and attorney's fees for Defendants' retaliatory conduct under both or either the NYLL and/or FLSA.

 (n) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

 (o) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

 (p) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

 (q) Enjoining Defendants from further retaliatory conduct;

 (r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

 (s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
   June 3rd, 2022

            By: */s/ Colin Mulholland*
               Colin Mulholland, Esq.
               30-97 Steinway, Ste. 301-A
               Astoria, New York 11103
               Telephone: (347) 687-2019
               *Attorney for Plaintiff*